# EXHIBIT A



**MUNSCH HARDT**
DALLAS / HOUSTON / AUSTIN

Colorado Tower
303 Colorado Street, Suite 2600
Austin, Texas 78701-3924
Main 512.391.6100
Fax 512.391.6149
munsch.com
Direct Dial 512.391.6124
Direct Fax 512.226.7105
jong@munsch.com

February 19, 2020

**Via Electronic Mail**

Randolph N. Osherow
Chapter 7 Trustee for the Estate of J. Beninati
342 W. Woodlawn Avenue, Suite 100
San Antonio, Texas 78212

Re: Representation of Randolph Osherow in Your Capacity as the Chapter 7 Trustee (**You, Client** or **Trustee**) appointed in the Chapter 7 Bankruptcy Case (**Bankruptcy Case**) of *In re Joseph P. Beninati* (**Debtor**), Case No. 20-10096-TMD, pending in the United States Bankruptcy Court for the Western District of Texas (**Bankruptcy Court**).

Dear Randy:

I would first like to take the opportunity to thank you for allowing our firm to represent You (solely in your capacity as the Trustee in the Bankruptcy Case, and not individually), as special litigation co-counsel in the Bankruptcy Case. The purpose of this letter is to confirm our mutual understanding of the representation that Munsch Hardt Kopf & Harr, P.C. (the **Firm**) has agreed to undertake on Your behalf and to set forth the scope and the terms of our engagement.

Please review this letter carefully. If it meets with your approval and reflects your understanding of our respective responsibilities, please sign the letter and return it to us.

1. Scope of Engagement

We understand the scope of our engagement (this **Matter**) will be to provide You with legal services in order to assist You in investigating and pursuing potential avoidable transfers owned by the Chapter 7 bankruptcy estate (**Estate**) and not for any other purpose relating to the Bankruptcy Case, unless subsequently requested by You and approved by the Bankruptcy Court. In particular, we understand that Your intent is to retain other special counsel (**Lead Counsel**) for the Estate and that we will work with You and Lead Counsel under this engagement.

We understand that You will make decisions and determinations as necessary or appropriate to facilitate the rendering of our services and be available to assist us in the progress of our representation.

If the Firm is representing You in connection with litigation and determines, after conducting a preliminary investigation, that the claims should not be pursued further, You agree that the Firm may withdraw from the representation by sending written notice of the Firm's intention to withdraw to You.

R. Osherow
February 20, 2020
Page 2

You may, from time to time, request we perform additional or other services not included within the scope of services described in this letter. You understand that, when and if it requests additional services, we will need to determine there are no conflicts presented by that additional representation and may need to enter into a separate engagement letter with you and obtain Bankruptcy Court authorization. If we undertake representation of You for additional or other services and do not ask You to enter into a new engagement letter, then this fee agreement will apply to those services.

2. <u>Progress and Reporting</u>

We will report regularly on the status of each matter and on significant developments as they occur. It is also our practice to provide copies to the Client of significant documents and to inform it of significant communications in each matter.

We ask that You remain in close contact with us and that You be available to consult with us as developments occur and to instruct and give us authority as necessary. If You have any questions or concerns about the Matter, we ask that You raise them with us immediately so they can be promptly and effectively addressed and resolved.

We communicate, from time to time, with our clients using fax, cell phones, social networking sites, and email. As You are no doubt aware, these forms of communication are not secure against unauthorized access. These forms of communication do not ensure the confidentiality of their contents and there is, therefore, some risk of disclosure and loss of attorney-client privilege in using these forms of communication. If You object to our using any one or more of these forms of communication, please let us know immediately and we will attempt to honor that request.

The relationship established by this agreement is subject to termination by the Firm as follows:

a) Nonpayment of fees, costs, and expenses in accordance with this agreement;

b) Failure to cooperate and comply fully with all reasonable requests of the Firm with respect to each matter;

c) The Client's engagement in conduct that renders it unreasonably difficult for the Firm to carry out the purposes of its engagement; or

d) The development or disclosure of facts that, in the opinion of the Firm, creates an existing or potential conflict of interest in the ongoing representation of Client. Except as discussed below, You, by signing this letter, acknowledge that You currently know of no facts that would create an actual or potential conflict of interest.

3. <u>Conflicts</u>

The Firm has performed a check of our client listing to determine if representation of You would create an actual or potential conflict of interest. As you know, the Firm represents Sutton 58 Associates, LLC in connection with the Case. However, as Sutton acknowledges that the right to avoid and recover any avoidable transfers made by the Debtor belong to the estate and are, therefore, subject to your sole authority, the Firm's representation of Sutton does not give rise to a potential or actual conflict arising from this engagement.

R. Osherow
February 20, 2020
Page 3

Our review has revealed no other potential conflict arising from this representation. However, if for any reason we believe that a conflict may actually develop in connection with our representation in the Matter, we will promptly inform You. If appropriate, we may seek Your waiver of such conflicts in order to continue our representation of You in the Matter. Please be advised that, depending on the nature of any such actual conflict and even if You provide a waiver, we may nevertheless be required to withdraw from representing You in the Matter as we will not represent any parties, including existing clients of the Firm, against other clients of the Firm and with respect to matters as to which the Firm has previously been retained.

4. <u>Staffing, Basis for Fees and Costs</u>

I will be the attorney at our Firm primarily responsible for this matter and my rate is presently $525 / hour. Where it is to your advantage to do so, we may utilize the services of other lawyers, paralegals, and summer associates in the Firm. I will attempt, wherever possible, to make work assignments in a way that maximizes legal effectiveness and time efficiency and minimizes your legal expenses. Our goal is to provide you cost effective, high quality legal services.

The Firm has established an hourly rate for each attorney, paralegal, and summer associate in the Firm. These hourly rates are based on a variety of factors including the experience and expertise of each individual. Our firm's rates for attorney time on this matter range from $280-$700/hour.

5. <u>Retainer</u>

In consideration of our prior business relationship with You and recognition that this Matter is a bankruptcy estate engagement, we waive our general retainer requirement.

6. <u>Billing Procedures</u>

We review our billing rates and fixed fees from time to time. Any rate adjustments will be reflected in Your invoices. The specific basis on which fees, costs, and expenses are computed, our practice in sending invoices, how we handle past due accounts, and the like, are set forth in greater detail in the enclosed sheet entitled "Information for Clients."

It is our policy to serve our clients with an effective support system, while at the same time allocating costs of the systems to the clients who use them. In addition to fees for legal services, we also charge for courier and other communication costs, online research facilities, and other out-of-pocket costs incurred on Your behalf. Statements will be rendered to You on a monthly basis. The attached "Schedule of Charges for In-House Services" sets out our current charges for these items. These charges may be reviewed and adjusted annually when our billing rates are adjusted.

We make every effort to include disbursements in the statement for the month in which the disbursements are incurred. However, some of the disbursements are not available to us until the following months, in which case a supplemental statement will be rendered to You for these additional charges.

Statements are due and payable on receipt, but in any event no later than 30 days after they are rendered to You. Notwithstanding any of the foregoing, Sutton will continue to pay the Firm's invoices for fees and expenses as and when due, and You and the estate have no obligation to pay such invoices or

R. Osherow
February 20, 2020
Page 4

charges unless and until the estate receives sufficient proceeds to pay, or reimburse Sutton for, the amount of such fees and expenses. With respect to same, any and all such payments or reimbursements are subject to and require the prior authorization of the Bankruptcy Court, upon filed application. By executing below, you consent and agree to an administrative expense priority claim for the Firm, or Sutton to the extent that Sutton has previously paid the Firm's Matter invoices, in the amount of the Firm's fees and expenses charged and incurred for the Matter, provided however that you retain any and all rights to oppose the amount of such compensation and reimbursement to the extent that it would exceed the amount of 33% of the estate's recoveries pursuant to the engagement of the Firm and Lead Counsel.

    7.    <u>Record Retention</u>

All of the Firm's work product will be owned by the Firm. At the conclusion of each matter, it is Your obligation to advise us as to which, if any, of the documents in our files that You want us to return to You. The Firm may dispose of any and all documents it deems superfluous consistent with maintaining the confidentiality of the contents of those documents. Subject to casualties beyond our control, the Firm will store the entire balance of the file for each matter, at the Firm's expense, for at least five years. After the five-year retention period, unless You make other arrangements and pick up the file, the file for each matter may be disposed of in the regular course of business, at the Firm's expense, consistent with maintaining the confidentiality of its contents.

This agreement will be governed under Texas law and represents the complete agreement of the parties. It supersedes all prior discussions and understandings.

We look forward to representing You in your capacity as the Trustee of the estate, and thank You for looking to us to assist You in this regard. If You have any questions concerning the contents of this letter, or any matter relating to our legal representation, please do not hesitate to call me.

Very truly yours,

By: _____
Jay H. Ong

ACCEPTED AND AGREED:

**Randoph Osherow, as Chapter 7 Trustee**

_signature_ 2/24/2020

R. Osherow
February 20, 2020
Page 5

SCHEDULE OF CHARGES FOR IN-HOUSE SERVICES

| Description | Charge |
| --- | --- |
| Online Research Facilities | Standard rates less discounts available to the Firm based on usage |
| Photocopies | $.20 per page |
| Pacer Research | Actual cost invoiced |
| Fax | $.50 per page |
| Telecommunications | Actual cost invoiced |
| Courier | Actual cost invoiced |
| CD Burning | $20 per CD |

**CONLEY**
**ROSENBERG &**
**MENDEZ LLP**
A Registered Limited Liability Partnership
Of Professional Corporations

Phillip J. Conley
Jay M. Rosenberg
Michelle A. Mendez (1961-2014)

5080 Spectrum Drive, Suite 850 E
Addison, Texas 75001

Telephone: 972.364.9700
Facsimile: 972.713.6480
Email: jmr@crm-lawfirm.com
Web: www.crm-lawfirm.com

February 19, 2020

Mr. Randolph N. Osherow
Chapter 7 Trustee
342 West Woodlawn
Suite 100
San Antonio, Texas 78212

      RE:    Case No. 20-10096-TMD
                 *In re: Joseph Paul Beninati*
                 In the United States Bankruptcy Court for the
                 Western District of Texas, Austin Division

Dear Mr. Osherow:

      We want to thank you for employing CONLEY ROSENBERG & MENDEZ LLP to represent you as special litigation counsel to the Chapter 7 Trustee in the referenced matter. We value our relationship with you and will endeavor to provide cost effective, high quality legal representation of your interests. As a part of our regular procedure in establishing a new client engagement, we would like to take this opportunity to set out the specific terms of our relationship. We ask that you acknowledge your understanding of this letter and agreement as to its terms by signing and returning the original to us at your earliest convenience.

FEES

      Our fees are to be paid by the Sutton 58 Associates, LLC, the largest creditor in the Case, and are subject to reimbursement by the estate to the extent provided in the Application and Order under which our firm is employed. Our fees are set on the basis of a reasonable charge for services rendered, using for guidance a base line computation of lawyer hours multiplied by individual hourly rates. We then determine a reasonable fee that takes into account such things as the effort expended, time limitations and deadlines imposed by the client or circumstances, the level of expertise required, the novelty and difficulty of the issues, the amount involved, the results achieved, the experience, reputation and ability of the lawyers working on the matter, the likelihood that such employment will preclude other employment, and the fees customarily charged in the locality by others for similar services. The firm records the time expended by its professional staff in increments of .1 hours. Our fees in this matter will be $350.00 per hour for attorneys and $100.00 per hour for paralegals.

Mr. Randolph N. Osherow
February 19, 2020
Page 2 of 3

## EXPENSES

Likewise, our expenses are to be paid by the Sutton 58 Associates, LLC, and are subject to reimbursement by the estate to the extent provided in the Application and the Order employing our firm. All out-of-pocket expenses, such as photocopying, certain postage or non-U.S. Mail courier costs, local courier services, and travel expenses, if any, incurred by us in connection with this matter are billed as a separate item on each monthly statement. As your lawyers, and subject to any necessary Court approval, you have authorized and empowered us to do whatever is necessary and appropriate, in our professional judgment, to properly represent you and to incur the costs and expenses reasonably necessary to properly handle your matter, including the authorization and power to associate or employ such other persons or entitles as we may deem necessary to assist us, such as support services, technical experts, or other attorneys not members of Conley Rosenberg & Mendez LLP.

## BILLING

Under our normal billing procedures, we will submit statements on a monthly basis. Generally, the bill will usually be sent around the 15th of each month. Should you have any questions as to any statement, please contact me at your earliest convenience, so we can resolve any problems without delay.

This agreement is subject to termination upon notice for non-payment by Sutton 58 Associates, LLC, as provided in the Application and the Order.

This agreement may be executed in multiple originals, and facsimile copies shall be deemed originals.

As you know, we cannot make representations to you as to the probability of ultimate success in your matter, and similarly we cannot guarantee any particular result, but we will use our best professional efforts to represent you in this matter.

We appreciate the opportunity to be of service to you in this matter. Please let me know if you have any questions.

Very truly yours,

CONLEY ROSENBERG &
MENDEZ LLP

Jay M. Rosenberg

JMR/as

Mr. Randolph N. Osherow
February 19, 2020
Page 3 of 3

UNDERSTOOD AND AGREED:

*signature* 2/20/20

Randolph N. Osherow
Chapter 7 Trustee

## STATE BAR OF TEXAS REQUIRED

## NOTICE TO CLIENTS

The State Bar of Texas investigates and prosecutes professional misconduct committed by Texas attorneys. Although not every complaint against or dispute with a lawyer involves professional misconduct, the State Bar's Office of Chief Disciplinary Counsel will provide you with information about how to file a complaint. Please call 1-800-932-1900 toll-free for more information.