# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | § | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| JOSEPH PAUL BENINATI, | § | CASE NO. 20-10096-TMD |
| | § | |
| DEBTOR. | § | |

**AFFIDAVIT OF JAY M. ROSENBERG IN SUPPORT OF APPLICATION TO EMPLOY CONLEY ROSENBERG & MENDEZ LLP AS <u>SPECIAL LITIGATION COUNSEL TO THE TRUSTEE</u>**

| STATE OF TEXAS | § | |
|---|---|---|
| | § | |
| COUNTY OF DALLAS | § | |

On this day personally appeared Jay M. Rosenberg, who, upon being duly sworn did attest to the following:

1. My name is Jay M. Rosenberg. I am over the age of 18 years and am competent and otherwise qualified to make this Affidavit. I am a partner in the law firm of Conley Rosenberg & Mendez LLP, ("Conley Rosenberg") proposed special litigation attorneys to Randolph Osherow in his capacity as the Chapter 7 Trustee (the "Trustee") in the above-referenced Chapter 7 case (the "Case") of Joseph Paul Beninati (the "Debtor").

2. I submit this Affidavit (the "Affidavit") in support of the Trustee's *Application to Employ Conley Rosenberg & Mendez LLP as Special Litigation Counsel to the Trustee* (the "Application"), for the purpose of making all of the required disclosures pursuant, *inter alia*, to 11 U.S.C. §§ 327(e) and 328(a), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

3. I have personal knowledge of each of the facts stated in this Affidavit, except for those facts stated on information and belief, and, as to those facts, I am informed and I believe them to be true. If called as a witness, I would testify as to the matters set forth below based upon

my personal knowledge, except where otherwise indicated. To the extent that I obtain additional information that requires further disclosure or modification of the Application or this Affidavit, I will file a supplemental Affidavit or other appropriate document with the Court.

### QUALIFICATION OF COUNSEL AND COMPENSATION

4. As set forth in the Application, as of February 9, 2020, Conley Rosenberg was retained, subject to the Court's approval, as the Trustee's special litigation counsel. Conley Rosenberg immediately began rendering services to and for the Trustee.

5. Conley Rosenberg's office is located at 5080 Spectrum Drive, Suite 850 E, Addison, Texas 75001, with a telephone number of 972-364-9700 and a facsimile number of 972-713-6480.

6. I am admitted and in good standing to practice before the Courts of the State of Texas and the United States District Courts for the Northern, Eastern, Southern, and Western Districts of Texas. Phillip Conley, the other attorney of Conley Rosenberg who is designated as most likely to appear in this representation, is also admitted to practice in and is a member in good standing of the Courts of the State of Texas and in the United States District Courts for the Northern, Southern and Eastern Districts of Texas, and he has applied for admission to the United States District Court for the Western District of Texas, which application is pending.[1]

7. Conley Rosenberg is currently comprised of two attorneys, each with over thirty years of experience in commercial litigation and creditors' rights, who regularly make appearances on behalf of creditors in the State and Federal Courts in Texas, including Bankruptcy Courts.

8. Conley Rosenberg has represented the primary creditor in this Case, Sutton 58 Associates, LLC, in litigation against the Debtor in Texas State Court. The Trustee has requested

---

[1] If Mr. Conley appears before this Court prior to his application for standing admission being granted he will file an application for admission *pro hac vice*.

that Conley Rosenberg render services in relation to those matters set forth in the Application. Subject to the Court's approval of the Application, Conley Rosenberg is willing to serve as the Trustee's special litigation counsel and to perform such services.

### COMPENSATION AND REIMBURSEMENT

9. Subject to the Court's approval, Conley Rosenberg will bill for its legal services on an hourly basis in accordance with its established hourly rates for work of this nature, at rates in effect on the date the services are rendered and as agreed to by Conley Rosenberg in this Case, and which are no less favorable than the rates customarily afforded by Conley Rosenberg for similar engagements. The range of rates charged by members of Conley Rosenberg and the current rates charged by the members of Conley Rosenberg assigned primarily to render services on behalf of the Trustee are set forth below, but may change from time to time in accordance with Conley Rosenberg's established, general billing practices and procedures. Both Mr. Conley's and my rates are $350.00 per hour, and our paralegals' rates are $100.00 per hour.

10. The foregoing billing rates are consistent with, if not lower than, rates charged by other professionals in this district. These rates are set at a level designed to compensate Conley Rosenberg for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Conley Rosenberg will request reimbursement of actual out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and are only to be reimbursed from the estate from the proceeds that the estate receives from the proposed engagement, if any.

11. Conley Rosenberg will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering legal services for the Trustee as described in the Application and in accordance with the rules of this Court.

12. As provided in the Application, Sutton will continue to pay Conley Rosenberg monthly fees and expenses in the normal course, with the Trustee agreeing to reimburse Sutton and be responsible for such fees and expenses, subject to Court approval, only from the net proceeds of recoveries obtained pursuant to this engagement, as a potential administrative expense of the estate (and subject to the terms and limitations set forth in the Application). Such expenses include, but are not limited to, facsimile charges, photocopying, travel, parking, business meals, computerized research, UCC searches, court reporter fees, messengers, couriers, postage, filing fees, and other fees related to trials and hearings. Conley Rosenberg will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to Conley Rosenberg's other clients and consistent with the applicable rules.

13. Conley Rosenberg has no agreement with any other entity to share any compensation received, and no such agreement will be made, except as permitted under section 504(b)(1) of the Bankruptcy Code. Conley Rosenberg has received no prior consideration to act as counsel for the Trustee. Notwithstanding the foregoing, as disclosed in the Application, Sutton 58 Associates LLC will continue to pay Conley Rosenberg's monthly invoices relating to the engagement, subject to reimbursement from the estate as provided in the Application.

### DISINTERESTEDNESS OF COUNSEL

14. Relying on the available disclosures of creditors and parties-in-interest involved in the Case as filed by the Debtor in his bankruptcy petition, current as of the date of this Affidavit, Conley Rosenberg has utilized its customary procedures for determining disinterestedness to serve as counsel for the Trustee, including conducting a computer search of its records regarding active and inactive client files maintained for the purpose of identifying potentially adverse parties.

15. In addition, each attorney and paraprofessional employed by Conley Rosenberg was given written notice of Conley Rosenberg's potential engagement by the Trustee and of all

known parties having a potentially material adverse interest, and were requested to provide return notification if such person was aware of any conflict.

16. I have reviewed the results of the foregoing efforts to determine the existence of any interests adverse to the estate or which would otherwise create a conflict of interest in connection with Conley Rosenberg's engagement for a specified purpose in this matter. Conley Rosenberg does not have any interest adverse to the estate or which would otherwise create a conflict of interest in connection with such special counsel engagement.

17. Based upon my review, and except as further noted in the Application and this Affidavit, it is my belief, to the best of my knowledge, that the professionals of Conley Rosenberg: (i) do not have any connection with the Debtors or their creditors or parties-in-interest; (ii) do not have any connection with the United States Trustee or any person employed by the Office of the United States Trustee, the United States Bankruptcy Judge presiding over the Case or any United States District Court Judge for the Western District of Texas; (iii) are "disinterested persons," as defined in § 101(14) of the Bankruptcy Code with respect to the subject matter of the proposed engagement; and (iv) do not hold or represent any interest adverse to the estate with respect to the subject matter of the proposed engagement.

18. Conley Rosenberg has evaluated potential conflicts of interest and believes that none exists with respect to the subject matter of the proposed engagement. In conducting its customary conflicts review, Conley Rosenberg believes it is possible that not all creditors of the estate are known, and therefore not all creditors have been vetted through Conley Rosenberg's conflicts identification system. Consequently, although reasonable efforts have been made to discover and eliminate the possibility of any conflict, Conley Rosenberg is unable to state with

absolutely certainty whether one of its clients or any affiliated entity holds a claim or is otherwise a party-in-interest in this Case.

19. Conley Rosenberg will supplement its conflicts check as the names of additional creditors are disclosed, and if Conley Rosenberg discovers any conflict of interest in the future, or any information that is contrary to or pertinent to the statements made herein, Conley Rosenberg will disclose such information to the Trustee, the Debtor, the United States Trustee, other parties-in-interest, and the Court.

20. As part of its practice, Conley Rosenberg appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now or may in the future represent creditors and parties-in-interest in this Case. Other than its representation of Sutton generally in connection with the Case, whose interests completely align with those of the Trustee and the estate with respect to the subject matter of the proposed engagement to serve as the Trustee's special litigation counsel, Conley Rosenberg has not, and will not, represent any such entities in relation to this Case, nor does Conley Rosenberg have any relationship with any such entities that would be adverse to the Trustee or estate in the matters upon which Conley Rosenberg is to be employed. In light of the foregoing, I believe Conley Rosenberg is disinterested within the meaning of section 101(14) of the Bankruptcy Code, and that the employment of Conley Rosenberg as special litigation counsel for the Trustee is appropriate, in the best interests of the estate, and should be approved.

21. I reserve the right to supplement this Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

EXECUTED this 20th day of February, 2020.

*Jay M. Rosenberg*

SWORN TO AND SUBSCRIBED BEFORE ME on this 20th day of February, 2020, to certify which, witness my hand and seal of office.

*Kimberly Culpepper*
Notary Public in and for
the State of Texas

KIMBERLY CULPEPPER
ID #7209497
My Commission Expires
April 08, 2021

AFFIDAVIT OF JAY M. ROSENBERG                                                                 7