# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | CHAPTER 7 |
| JOSEPH PAUL BENINATI, | § § | CASE NO. 20-10096-TMD |
| DEBTOR. | § § | |

## AFFIDAVIT OF JAY H. ONG IN SUPPORT OF APPLICATION
## TO EMPLOY MUNSCH HARDT KOPF & HARR, P.C., AS
## SPECIAL LITIGATION COUNSEL TO THE TRUSTEE

| | |
|---|---|
| STATE OF TEXAS | § § |
| COUNTY OF TRAVIS | § |

On this day personally appeared Jay H. Ong, who, upon being duly sworn did attest to the following:

1.     My name is Joachim Jay H. Ong.  I am over the age of 18 years and am competent and otherwise qualified to make this Affidavit ("Affidavit").  I am a shareholder in the law firm of Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt"), proposed special counsel to Randolph Osherow in his capacity as Chapter 7 Trustee (the "Trustee") in the above-referenced Chapter 7 case (the "Case") of Joseph Paul Beninati (the "Debtor").

2.     I submit this Affidavit in support of the Trustee's *Application to Employ Conley Rosenberg & Mendez LLP and Munsch Hardt Kopf & Harr, P.C., as Special Litigation Counsel to the Trustee* (the "Application"), for the purpose of making all of the required disclosures pursuant, *inter alia*, to 11 U.S.C. §§ 327(e) and 328(a), and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure.

3.     I have personal knowledge of each of the facts stated in this Affidavit, except for those facts stated on information and belief, and, as to those facts, I am informed and I believe

them to be true. If called as a witness, I would testify as to the matters set forth below based upon my personal knowledge, except where otherwise indicated. To the extent that I obtain additional information that requires further disclosure or modification of the Application or this Affidavit, I will file a supplemental Affidavit or other appropriate document with the Court.

## QUALIFICATION OF COUNSEL AND COMPENSATION

4.     As set forth in the Application, as of February 3, 2020, Munsch Hardt was retained, subject to the Court's approval, to serve as local bankruptcy counsel in the Case for Sutton 58 Associates, LLC ("Sutton"). Prior thereto, Munsch Hardt had no prior relationship with Sutton, but thereafter promptly began rendering services to and for Sutton.

5.     Munsch Hardt was subsequently retained by the Trustee to serve as his special counsel for the purposes set forth in the Application, as of February 9, 2020. Munsch Hardt also promptly began rendering services to and for Sutton.

6.     Munsch Hardt maintains its primary offices at 500 North Akard Street, Suite 3800, Dallas, Texas 75201, Telephone 214-855-7500, Facsimile 214-855-7584. Munsch Hardt also maintains offices at 700 Milam Street, Suite 2700, Houston, Texas 77002, Telephone 713-222-1470, Facsimile 713-222-1475; and 303 Colorado Street, Suite 2600, Austin, Texas 78701, Telephone 512-391-6100, Facsimile 512-391-6149. I serve as the managing shareholder of Munsch Hardt's Austin office.

7.     I am admitted and in good standing to practice before the Courts of the State of Texas and the United States District Courts for the Northern, Eastern, Southern, and Western Districts of Texas, among others. Any other attorneys of Munsch Hardt who subsequently appear in this representation are also admitted to practice in the State of Texas and are admitted to the U.S. District Court for the Western District of Texas.

8.      Munsch Hardt is currently comprised of approximately one hundred and thirty lawyers, and its client base includes many public and private corporations, partnerships, governmental entities, banks, insurance companies, non-profit organizations, and individuals. Munsch Hardt has expertise in many fields of law, including bankruptcy, business reorganization, restructuring, complex litigation, and creditors' rights.

9.      Munsch Hardt has substantial experience in the field of bankruptcy cases and trustee and estate representations in chapter 11 cases.   The other attorneys at Munsch Hardt and I have represented debtors, committees, trustees, post-confirmation trustees, secured and unsecured creditors, and significant stakeholders in numerous other bankruptcy cases locally and nationally, including cases pending under chapter 7 of the Bankruptcy Code.   Other attorneys at Munsch Hardt and I have received numerous awards and recognition for our bankruptcy representation services, have published numerous scholarly reorganization articles, and have spoken at multiple professional seminars on bankruptcy related topics.

10.      The Trustee has requested that Munsch Hardt render services in relation to those matters set forth in the Application.   Subject to the Court's approval of the Application, Munsch Hardt is willing to serve as the Trustee's special litigation counsel and to perform such services.

## COMPENSATION AND REIMBURSEMENT

11.      Subject to the Court's approval, Munsch Hardt will bill for its legal services on an hourly basis in accordance with its established hourly rates for work of this nature, at rates in effect on the date the services are rendered and as agreed to by Munsch Hardt in this Case, and which are no less favorable than the rates customarily afforded by Munsch Hardt for similar engagements. The range of rates charged by Munsch Hardt's attorneys and the current rates assigned primarily to render services on behalf of the Trustee are set forth below, but may

change from time to time in accordance with Munsch Hardt's established, general billing practices and procedures. I anticipate that the attorneys who will primarily work on this matter, and their current respective hourly billing rates, are as follows:

| | |
|---|---|
| Jay Ong, Shareholder | $525.00 per hour |
| Julian Vasek, Associate | $410.00 per hour |

12.     The foregoing billing rates are consistent with, if not lower than, rates charged by other professionals in this district. These rates are set at a level designed to compensate Munsch Hardt for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Munsch Hardt will request reimbursement of actual out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and is only to be reimbursed from the estate from the proceeds that the estate receives from the proposed engagement, if any.

13.     Munsch Hardt will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering legal services for the Trustee as described in the Application and in accordance with the rules of this Court.

14.     As provided in the Application, Sutton will continue to pay Munsch Hardt's monthly fees and expenses in the normal course, with the Trustee agreeing to reimburse Sutton and be responsible for such fees and expenses, subject to Court approval, only from the net proceeds of recoveries obtained pursuant to this engagement, as a potential administrative expense of the estate (and subject to the terms and limitations set forth in the Application). Such expenses include, but are not limited to, facsimile charges, photocopying, travel, parking, business meals, computerized research, U.C.C. searches, court reporter fees, messengers, couriers, postage, filing fees, and other fees related to trials and hearings. Munsch Hardt will

---

AFFIDAVIT OF JAY H. ONG                                                                                   4

charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to Munsch Hardt's other clients and consistent with the applicable rules.

15.     Munsch Hardt has no agreement with any other entity to share any compensation received, and no such agreement will be made, except as permitted under section 504(b)(1) of the Bankruptcy Code. Munsch Hardt has received no prior consideration to act as counsel for the Trustee but has received a $5,000 retainer from Sutton in connection with the Case.

## DISINTERESTEDNESS OF COUNSEL

16.     Relying on the available disclosures of creditors and parties-in-interest involved in the Bankruptcy Cases as filed by the Debtor with his bankruptcy petition, current as of the date of this Affidavit, Munsch Hardt has utilized its customary procedures for determining disinterestedness to serve as counsel for the Trustee, including conducting a computer search of its records regarding active and inactive client files maintained for the purpose of identifying potentially adverse parties.

17.     In addition, each attorney and paraprofessional employed by Munsch Hardt was given written notice of Munch Hardt's potential engagement by the Trustee and of all known parties having a potentially material adverse interest, and were requested to provide return notification if such person was aware of any conflict.

18.     I have reviewed the results of the foregoing efforts to determine the existence of any interests adverse to the estate or which would otherwise create a conflict of interest in connection with Munsch Hardt's engagement for a specified purpose in this matter. Munsch Hardt does not have any interest adverse to the estate or which would otherwise create a conflict of interest in connection with such special counsel engagement.

19.     Notwithstanding, Munsch Hardt hereby makes disclosures of the following relationships with certain creditors and parties-in-interest in this Bankruptcy Case: (i) as set forth

---

AFFIDAVIT OF JAY H. ONG                                                                                     5

in the Application and above, Munsch Hardt serves as local bankruptcy counsel to Sutton in the Case; and (ii) Munsch Hardt has previously represented creditor parties in prior cases in which the Trustee served as Chapter 7 trustee.

20.     Based upon my review, and except as further noted in the Application and this Affidavit, it is my belief, to the best of my knowledge, that the shareholders and associates of Munsch Hardt: (i) do not have any connection with the Debtor or his creditors or parties-in-interest in the Case; (ii) do not have any connection with the United States Trustee or any person employed by the Office of the United States Trustee, the United States Bankruptcy Judge presiding over the Case or any United States District Court Judge for the Western District of Texas; (iii) are "disinterested persons," as defined in § 101(14) of the Bankruptcy Code with respect to the subject matter of the proposed engagement; and (iv) do not hold or represent any interest adverse to the estate with respect to the subject matter of the proposed engagement.

21.     Munsch Hardt has evaluated potential conflicts of interest and believes that none exists with respect to the subject matter of the proposed engagement. In conducting its customary conflicts review, Munsch Hardt believes it is possible that not all creditors of the estate are known, and therefore not all creditors have been vetted through Munsch Hardt's conflicts identification system. Consequently, although reasonable efforts have been made to discover and eliminate the possibility of any conflict, Munsch Hardt is unable to state with absolutely certainty whether one of its clients or any affiliated entity holds a claim or is otherwise a party-in-interest in the Case.

22.     Munsch Hardt will supplement its conflicts check as the names of additional creditors are disclosed, and if Munsch Hardt discovers any conflict of interest in the future, or any information that is contrary to or pertinent to the statements made herein, Munsch Hardt will

disclose such information to the Trustee, the Debtor, the United States Trustee, other parties-in-interest, and the Court.

23.     As part of its practice, Munsch Hardt appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of whom now or may in the future represent creditors and parties-in-interest in the Case.  Other than its representation of Sutton generally in connection with the Case, whose interests completely align with those of the Trustee and estate with respect to the subject matter of the proposed engagement to serve as the Trustee's special litigation counsel, Munsch Hardt has not, and will not, represent any such entities in relation to the Cases, nor does Munsch Hardt have any relationship with any such entities that would be adverse to the Trustee in the matters upon which Munsch Hardt is to be employed.

24.     In light of the foregoing, I believe Munsch Hardt is disinterested within the meaning of section 101(14) of the Bankruptcy Code, and that the employment of Munsch Hardt as special litigation counsel for the Trustee is appropriate, in the best interests of the estate, and should be approved.

25.     I reserve the right to supplement this Affidavit.

FURTHER AFFIANT SAYETH NAUGHT.

EXECUTED this 20th day of February, 2020.

Jay H. Ong

SWORN TO AND SUBSCRIBED BEFORE ME on this 20th day of February, 2020, to certify which, witness my hand and seal of office.



Notary Public in and for
the State of Texas

ANGELA MAYS
My Notary ID # 124297242
Expires August 25, 2022