IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § § § § § | |
| | CASE NO. 20-10096-TMD |
| JOSEPH BENINATI | |
| | CHAPTER 11 PROCEEDING |
| DEBTOR | |

**JOSEPH BENINATI'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING JOINT MOTION TO CONTINUE AND EXTEND (I) DEADLINE TO OBJECT TO DEBTOR'S DISCHARGE; AND (II) RELATED DISCOVERY SCHEDULE**

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUTPCY JUDGE:

NOW COMES Joseph Beninati, ("Debtor" or "Beninati"), by and through his attorneys, and files this Motion for Reconsideration of the Order Granting Joint Motion to Continue and Extend (I) Deadline to Object to Debtor's Discharge; and (II) Related Discovery Schedule ("Order") and would respectfully show the Court the following:

**BACKGROUND FACTS**

1. On March 31, 2020 the Chapter 7 Trustee's ("Trustee") and Sutton 58 Associates LLC ("Sutton" and together with the Trustee, "Movants") filed their Motion seeking an extension of the bar date to object to discharge ("Motion").

2. The Movants filed the Motion without electing to include negative notice language under Local Bankruptcy Rule 9014(a).

3. On April 2, 2020, the Court set a hearing on the Motion for April 27, 2020 at 9:50 a.m.

4. Local Bankruptcy Rule 9014(b)(1) provides that "If negative notice language is not used, a response is not required unless the Court or these rules direct." While not obligated to file a

response, the Debtor was prepared to respond to salacious and false allegations which served as the foundation for the relief requested the Motion. A copy of the Debtor's responsive pleadings is attached to this response as Exhibit A.

5. Before the Debtor could file his response, this Court entered the Order 22 days after the Motion was filed and 5 days before the hearing on the Motion.

6. The requested extension is based on a series of allegations designed to suggest that this Debtor is hiding assets. Moreover, the Motion suggests that Movant's have had no opportunity to conduct discovery of the Debtor's financial situation and that the Debtor and his wife have been dilatory in responding to Movant's discovery.

7. There is no evidence before this Court supporting any of these allegations. To the contrary most of these allegations are demonstrably false on their face and reflect a pattern of unsubstantiated allegations related to this Court in the Motion

8. The sole fact that this Court can take judicial notice of is that there is a Covid-19 pandemic and travel and gathering in numbers are restricted.

9. From the outset, *Movant's* have sought to delay discovery and repeatedly offered extensions provided the Debtor would agree to a commensurate extension of bar dates was accepted. The Debtor has steadfastly declined these "offers" and timely responded to Movant's request for production and was available for his 2004 examination on the originally scheduled date of April 6, 2020. The Debtor has accumulated documents responsive to Movant's duces tecum (which means "you shall bring with you" and is not intended as an alternative to a request for production).

10. The Covid – 19 virus appears to be a unfortunate pretext for Movant's long sought delay. The Debtor offered to make himself available throughout the month of April for a video or

web video 2004 exam. Movant's declined, objecting to the medium and also a need for completion of discovery served on Guardian Life Insurance Company. This alleged order of priority did not exist when Movant's noticed Guardian Life's 2004 exam after the date of the Debtor's 2004 exam.

11. The Debtor requests that the Court reconsider the Order so that he is afforded the opportunity to appear and be heard and contest Movant's allegations of cause for the extension of bar dates.

12. Section 102 of the Bankruptcy Code provides that "after notice and a hearing" authorizes and action without an actual hearing if – "(i)such a hearing is not requested timely by a party in interest; or (ii)there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act." Neither circumstance exists in this case. In the absence of negative notice in the Motion, the Debtor was not obligated to affirmatively request a hearing and no exigent circumstances existed warranting a entry of a *sua sponte* order days before an established hearing date.

13. The Debtor requests that the Court reconsider the Order pursuant to Bankruptcy Rule 9024, incorporating Fed. R. Civ. Proc. 60. Relief is warranted under 60(b)(1), (4) and (6).

WHEREFORE PREMISES CONSIDERED, Debtor requests that this Court enter its order reconsidering and vacating the Order, setting the Motion for hearing and granting such other and further relief to which he may be justly entitled.

Respectfully submitted April 23, 2020

                    THE LAW OFFICES OF RAY BATTAGLIA, PLLC.
                    66 Granburg Circle
                    San Antonio, Texas 78218
                    Telephone (210) 601-9405
                    Email: rbattaglialaw@outlook.com

By: */s/ Raymond W. Battaglia*
     Raymond W. Battaglia
     Texas Bar No. 01918055

**ATTORNEYS FOR JOSEPH BENINATI**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served by first class mail upon on the following parties on April 23, 2020

| | |
|---|---|
| Jay H. Ong<br>MUNSCH HARDT KOPF & HARR, P.C.<br>303 Colorado Street<br>Suite 2600<br>Austin, Texas 78701 | Via Email: jong@munsch.com |
| Phillip J. Conley, Esq.<br>CONLEY ROSENBERG & MENDEZ LLP<br>5080 Spectrum Drive, Suite 850E<br>Addison, Texas 75001 | Via Email: pjc@crm-lawfirm.com |

By: */s/ Raymond W. Battaglia*
     Raymond W. Battaglia

**DEBTOR'S MOTION FOR RECONSIDERATION**             **Page 4 of 4**